IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAMES CARR FREEMAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. H-08-2050 |
| | § | |
| STATE OF TEXAS, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**ORDER OF DISMISSAL**

This action was filed on June 27, 2008, by Barbara Youngs Settle and James Carr Freeman, both proceeding *pro se.* On August 15, 2008, this court struck the allegations and claims made by Plaintiff Settle for her failure to comply with several preclusion orders entered against her by judges of this district court. The court now addresses the claims of Plaintiff James Carr Freeman to determine whether it has jurisdiction over the claims made.

**I. The Claims**

Plaintiff's initial filing is a compilation of federal pleadings, state court pleadings, and legal miscellania. Beginning at unnumbered page 109 is Plaintiff's Complaint for Emergency Stay and Permanent Injunction, for Declaratory Judgment Certification of Jurisdictional Question, and Unconstitutionality. The suit names as defendants thirty-five individuals and entities, including the State of Texas, the First and Fourteenth Courts of Appeals, the Second Administrative Judicial Region, several Harris County probate judges and associate judges, the Harris County Clerk of Courts and several deputy clerks, law firms

and individual attorneys.[1]

As the court understands it, Plaintiff's mother, Leila C. Freeman, has been adjudicated as incompetent to handle her own affairs in Harris County Probate Court No. 1.  Plaintiff Freeman seeks an injunction against his mother's guardian and the probate court handling her guardianship from disposing of her property and his property in her possession.  Plaintiff also seeks a declaratory judgment that Texas state law discriminates and retaliates against *pro se* litigants as a class as well as a declaration that the orders of the state probate judge and the associate judge are null and void.  He sues for damages and injunctive relief.

## II.  Standard of Review

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint for a "failure to state a claim upon which relief can be granted."   While a complaint attacked by a Rule 12(b)(6) motion to dismiss need not detail factual allegations, a plaintiff's obligation under the Federal Rule of Civil Procedure 8(a)(2), "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, ___ U.S. ___, 127 S.Ct. 1955, 1965 (2007); Papasan v. Allain, 478 U.S. 265, 286 (1986).  "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 127 S. Ct. at 1965 (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).  "The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion of a legally

---

[1]     The docket sheet reflects that Plaintiff has not requested issuance of summonses for service of process and there is no indication that any defendant has notice of this suit.

cognizable right of action." Id.

A district court's *sua sponte* dismissal for failure to state a claim should only be utilized when the procedure employed is fair to all parties. Bazrowx v. Scott, 136 F.3d 1053, 1054 (5th Cir. 1998). In the present case, the court will reconsider this Order upon a timely filed motion supported by additional factual allegations and/or case law. The court believes that this procedure will allow Plaintiff the opportunity to remedy the deficiencies in his complaint if that is possible.

## III. Analysis

Plaintiff claims federal question jurisdiction pursuant to 42 U.S.C. § 1981 ("Section 1981"), 42 U.S.C. § 1983 ("Section 1983"), 42 U.S.C. § 1985 ("Section 1985"), 42 U.S.C. § 1986 ("Section 1986"), 42 U.S.C. § 1988 ("Section 1988"), as well as the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, et seq.[2] Plaintiff invokes the court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

The court first addresses whether Plaintiff Freeman has stated a claim for relief under RICO.

### A.    RICO

RICO "prohibits certain conduct involving a 'pattern of racketeering activity.'" Anza v. Ideal Steel Supply Corp., 547 U.S. 451, 453, (2006)(quoting 18 U.S.C. § 1962). "One of

---

[2]      Although Plaintiff invokes the court's diversity jurisdiction pursuant to 28 U.S.C. § 1332, the complaint reveals that all parties are citizens of the State of Texas. See Plaintiff's Complaint, Docket Entry No. 1, pp. 3-4. Consequently, the court does not discuss this as a possible basis of jurisdiction.

RICO's enforcement mechanisms is a private right of action, available to any person injured in his business or property by reason of a violation of the Act's substantive restrictions." Id. (internal quotation marks and alterations omitted).  In order to state a claim under RICO, a plaintiff must allege: (1) the conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity.  See Sedima, S.P.R.L. v. Imrex Co., Inc., 473 U.S. 479, 496 (1985). "Racketeering activity," is defined by 18 U.S.C. § 1961(1) as any act or threat that violates one of the many criminal statutes listed in the statute.[3]

Plaintiff claims a probate court enterprise comprised of judges and lawyers who conspired against *pro se* litigants, including himself.[4]  He claims that this enterprise has "virtually looted" his mother's homestead through the guardianship proceeding and denied him due process of law.[5]  Even if true, these allegations fail to state a "racketeering activity" because Plaintiff has failed to allege sufficient facts to raise a colorable claim that any violation of one of the numerous criminal statutes constituting racketeering activity has occurred.

In light of the absence of any allegation that raises the possibility of a RICO violation, Plaintiff's claim under RICO must be **DISMISSED**.

### B.    Civil Rights Statutes

### 1.    Section 1981

---

[3]    The federal statutes listed are too numerous to be reproduced herein.

[4]    See Complaint, Docket Entry No. 1, p. 8.

[5]    Id.

4

Section 1981(a) protects the equal rights of all persons to make and enforce contracts, to sue, to be parties, to give evidence and to have the full and equal benefit of all laws.  These rights may not be impaired under color of state law.  42 U.S.C. § 1981(c).  In order to state a claim under Section 1981, a plaintiff must allege that a defendant's interference with a right or benefit to which he was legally entitled was racially motivated.  Green v. State Bar of Texas, 27 F.3d 1083, 1086 (5th Cir. 1994).  In Green, the court found that to state a claim under Section 1981, a plaintiff must allege (1) he is a member of a racial minority, (2) an intent to discriminate on the basis of race by the defendant, and (3) the discrimination concerns one or more of the activities enumerated in the statute.  Green, 27 F.3d at 1086.

Allegations of discrimination based on any other protected characteristic is insufficient as a matter of law to support a claim under Section 1981.  See Torres v. County of Webb, Texas, 150 F. App'x 286 (5th Cir. 2005)(unpublished)(alleged interference with contract rights on the basis of pro-abortion beliefs failed to state a claim under Section 1981).

In the present case, Plaintiff Freeman claims that the state court deprived him of his homestead rights, valuable property and family heirlooms, refused to remove Susan Freeman Boyett as Trustee to the John B. Freeman Testamentary Trust, interfered with his right to peaceful family relationships and refused him the ability to file pleadings in court on his own behalf.  Without a nexus to  racial animus, these allegations are insufficient to raise a claim under Section 1981.

## 2.    Section 1983

5

Section 1983[6] provides a civil remedy for violations, under color of state law, of a person's rights, privileges, or immunities arising under federal law.  Bledsoe v. City of Horn Lake, Mississippi, 449 F.3d 650, 653 (5th Cir. 2006).  A plaintiff can establish a prima facie case under Section 1983 by alleging: 1) a violation of a federal constitutional or statutory right; and 2) that the violation was committed by an individual acting under the color of state law.  Doe v. Rains County Indep. Sch. Dist., 66 F.3d 1402, 1406 (5th Cir. 1995).  The statute creates no substantive right, but only provides remedies for deprivations of rights created under federal law.  Graham v. Connor, 490 U.S. 386, 393-94 (1989).

Plaintiff makes the following claims: (1) he has been the subject of "invidious discrimination" by the state probate court based on his *pro se* status; and (2) in the course of litigation in probate court concerning his mother's guardianship, defendants have stolen his property, looted his mother's homestead, denied him due process of law, entered retaliatory and punitive orders against him, found him to be a vexatious litigant, illegally enjoined him from certain actions, failed to recuse themselves and refused to allow him to appeal adverse judgments.[7]

---

[6]     The provision reads, in relevant part:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . , subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

[7]     See Complaint for Emergency Stay and Permanent Injunction, Docket Entry No. 1, p. 8.

Under the <u>Rooker-Feldman</u> doctrine,[8] federal courts lack jurisdiction to review, modify or nullify final orders of state courts. <u>Liedtke v. State Bar of Tex.</u>, 18 F.3d 315, 317 (5th Cir. 1994). Therefore, a party losing in state court is barred from attacking the state judgment based on a claim that the judgment itself violates that party's federal rights. <u>Johnson v. De Grandy</u>, 512 U.S. 997, 1005-06 (1994).

In substance, Plaintiff is seeking federal review of state probate court orders by casting them as civil rights violations. The <u>Rooker-Feldman</u> doctrine deprives the court of jurisdiction to remedy judgments in a state court proceeding which state law would consider final. <u>Union Planters Bank Nat. Ass'n v. Salih</u>, 369 F.3d 457, 460 (5th Cir. 2004).

Further, under <u>Younger v. Harris</u>, 401 U.S. 37 (1971), this court may not consider requests for injunctive or declaratory relief based on constitutional challenges to on-going state court proceedings except in limited circumstances. A federal court must abstain from interfering in a state court proceeding where: (1) the dispute involves an "ongoing state judicial proceeding;" (2) the subject matter of the state proceeding implicates an important state interest; and (3) the state proceedings afford an adequate opportunity to raise constitutional challenges. <u>Wightman v. Tex. Sup. Ct.</u>, 84 F.3d 188, 189 (5th Cir. 1996).

In the present case, it is not clear whether the state proceeding is ongoing or whether a final judgment has been entered. If the state court litigation remains ongoing, <u>Younger</u>

---

[8]     <u>See Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413 (1923); <u>D.C. Cir. v. Feldman</u>, 460 U.S. 462 (1983).

abstention surely applies because the litigation involves probate and guardianship matters which are uniquely state concerns, as well as the right of the state court to regulate conduct of litigants appearing before it.   Plaintiff has an adequate opportunity to raise his constitutional or other challenges in state court.[9]  Therefore, the court abstains from hearing Plaintiff's claims for injunctive and declaratory relief under <u>Younger</u>.

### 3.     Section 1985

Section 1985 generally provides for causes of action for conspiracies to interfere with certain civil rights.   42 U.S.C. § 1985.   Plaintiff's complaint does not specify which subsections of Section 1985 he applies to this case, however, the court assumes that Plaintiff asserts jurisdiction under the second part of Section 1985(2) and the first part of Section 1983(3), which generally provide remedies for conspiracies to deprive a plaintiff of the equal protection of the laws, or for obstruction of justice in any state or territory.[10]

---

[9]      Plaintiff's claim that the state probate judge refused to allow him to represent himself raises only a state law claim, not a federal constitutional claim.  <u>See</u> <u>Eitel v. Holland</u>, 787 F.2d 995, 997 (5th Cir. 1986)(Plaintiff's right to proceed pro se in Texas state court guaranteed by Tex. R. Civ. P. 7; there was no federal constitutional right to self-representation).

Although Plaintiff complains that the state judge ordered the clerk of court to refuse his pleadings, the actual order, attached as Exhibit C to Plaintiff's complaint, orders the Harris County Clerk "not to accept for filing any further pleadings of documents proffered by James Carr Freeman unless permitted by this Court as evidenced by the Court's certificate annexed thereon." This is not a blanket refusal to file pleadings authored by Plaintiff.  Rather, it appears that the court, having found Plaintiff to be a vexatious litigant, intended to pre-screen Plaintiff's filings for frivolousness.   Of course, Plaintiff also has the option to hire an attorney to represent him in this matter.  Therefore, the court finds that the pleadings show that Plaintiff has an adequate opportunity to raise these issues in state court.

[10]     Section 1985(1), the first part of Section 1985(2), and the second part of Section 1985(3) all relate to processes of the federal government, federal court proceedings or federal officers.  <u>See</u> <u>Mitchell v. Johnson</u>, No. 07-40996, 2008 WL 3244283, (5th Cir. August 8, 2008)(Section 1985(2) requires a nexus between the alleged conspiracy and a proceeding in federal court);

The second part of Section 1985(2)[11] and the first part of Section 1985(3)[12] generally provide a remedy for conspiracies to deprive a plaintiff of the equal protection of the laws, for injuries sustained by a plaintiff in enforcing the rights of others to the equal protection of the laws, or for obstruction of justice in any state or territory.  However, those seeking recovery under those subsections must show a racial or otherwise class-based discriminatory animus.  Kush v. Rutledge, 460 U.S. 719, 724 (5th Cir. 1983); Bradt v. Smith, 634 F.2d 796, 801 (5th Cir. 1981).  The Fifth Circuit has previously held that *pro se* plaintiffs are not a class for whose members Section 1985(3) provides a remedy.  Eitel v. Holland, 787 F.2d 995, 1000 (5th Cir. 1986).  It follows, then, that *pro se* plaintiffs are not a class protected by Section 1985(2)'s prohibition of obstruction of justice in any state court.  As Plaintiff has

---

Benningfield v. City of Houston, 157 F.3d 369, 378 (5th Cir. 1998)(Section 1985(1) applies to interference with federal officials in the performance of their official duties); Payne v. Lee, 487 F.2d 1307 (5th Cir. 1973)(Section 1985(3) authorizes a civil damage action for actions intended to intimidate plaintiff from registering to vote).  The court does not discern Plaintiff to make any claim under these subsections.

[11]    42 U.S.C. § 1985(2) provides, in part:

[O]r if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or a class of persons, to the equal protection of the laws; . . .

[12]    42 U.S.C. § 1985(3) provides, in part:

If two or more persons in any State or Territory conspire to go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; . . .

failed to allege an actionable class, his claims under Section 1985 fail.

### 4.      Section 1986

Section 1986 imposes liability on those who have knowledge of a conspiracy described in Section 1985 but neglect or refuse to prevent the conspiracy.  42 U.S.C. § 1986. In order to have a valid Section 1986 claim a plaintiff must first establish a Section 1985 claim.  Here, because Plaintiff failed to establish a Section 1985 claim, Plaintiff's Section 1986 claim also fails**.**  Bryan v. City of Madison, Miss., 213 F.3d 267, 276 (5th Cir. 2000).

### 5.      Section 1988

Section 1988 permits a court, in its discretion, to award attorney's fees and expert fees to the prevailing party for  specific statutory violations.  42 U.S.C. § 1988.  It does not provide a separate basis for federal question jurisdiction.  As Plaintiff has failed to state a claim under Sections 1981, 1983, 1985 or 1986, his claim for attorneys fees pursuant to Section 1988 must fail.

### C.  Supplemental Jurisdiction

Plaintiff also makes a claim to supplemental jurisdiction pursuant to 28 U.S.C. § 1367, however the exact nature of the state law claims alleged is not clear.  Because the court has found that Plaintiff Freeman failed to state a federal claim against any party, the court declines to exercise supplemental jurisdiction over Plaintiff's state law claims.  See 28 U.S.C. § 1367(c)(3) (allowing district courts discretion to decline to exercise supplemental jurisdiction over a state law claim when the court has dismissed all claims over which it had original jurisdiction); Moore v. Willis Indep. Sch. Dist., 233 F.3d 871, 876 (5th Cir. 2000)

(indicating that, upon dismissal of all federal claims, the court should dismiss the supplemental state law claims without prejudice).

### IV.  Conclusion

Based on the foregoing, Plaintiff Freeman's claims arising under federal law are **DISMISSED** for failure to state a claim upon which relief can be granted.  Plaintiff's state law claims are **DISMISSED** without prejudice.  Should Plaintiff Freeman wish the court to reconsider this decision, he must file a motion to reconsider, along with a supporting legal memorandum, within ten days from the date he receives this order.

SIGNED on September 2, 2008, at Houston, Texas.

Lee H. Rosenthal
United States District Judge

11